## CUPPLES v. MARZALL.
### Civ. A. No. 4905–51.

United States District Court
District of Columbia.
Jan. 9, 1952.

580

Homer L. Cupples, in pro per.

E. L. Reynolds, Solicitor, Washington, D. C., for defendant.

KEECH, District Judge.

This action is brought by the plaintiff, Homer L. Cupples, against the Commissioner of Patents in dual aspect: (1) for mandamus to compel the Commissioner to admit the plaintiff to practice before the United States Patent Office, and (2) for review under 35 U.S.C.A. § 11, as supplemented by Local Civil Rule 95, of the Commissioner's action denying the plaintiff admission to practice.

In view of the statutory provision for judicial review of the Commissioner's denial of admission to practice, the court holds that mandamus will not lie.

The second aspect of plaintiff's action presents a more difficult problem, namely, the scope of the judicial review provided by 35 U.S.C.A. § 11. The court has been

informed by the plaintiff and counsel for the government that this is the first case where a judicial review of denial .of admission has been sought in the District Court pursuant to § 11. Hence, the method by which this court should review the Commissioner's action on the record, as required by Local Civil Rule 95, is a novel question.

Most of the facts in this case are undisputed. On May 22, 1951, plaintiff applied for admission to practice before the United States Patent Office. The plaintiff was admitted to a written examination held on August 6, 1951, in Washington, D. C., to determine his qualifications for admission. Plaintiff attended the examination and wrote answers to every question. Under date of October 30, 1951, the plaintiff was informed by the, Chairman of the Committee on Enrollment that he had not attained a passing grade in the examination. On November 3, 1951, the plaintiff filed a petition to the Commissioner of Patents requesting that he determine the correctness of identity of the examination papers attributed to plaintiff and the correctness of the clerical operations involved in computing and transcribing the grade thereof, and review plaintiff's examination papers on the merits. Under date of November 15, 1951, plaintiff was informed by the Acting Chairman of the Committee on Enrollment that his petition had been referred to .the Committee, his examination papers had been reviewed, and the original decision affirmed.

The plaintiff contends that the provision in Rule 341(c) of the Patent Office, 35 U.S. C.A.Appendix, [37 C.F.R. 1.341(c)] requiring written examinations to determine the scientific and technical qualifications of applicants for admission to practice before the Patent Office, is invalid and void as beyond the authority conferred by 35 U. S.C.A. § 11; that he should have been admitted to practice on his application and supplemental papers in support thereof; and that his answers to the questions propounded in the written examination entitled him to a passing grade. Further objection to the written examination is made on the ground that the examination paper which plaintiff wrote and submitted has not at all times been kept in the custody of an official of the Patent Office, in that employees of the Civil Service Commission participated in the conduct of the examination.

The questions raised as to the authority of and procedure followed by the Patent Office present no difficulty. I hold that the Commissioner has the authority and duty under 35 U.S.C.A. § 11 to require a written examination when deemed necessary to ascertain the qualifications of applicants for admission to practice before the Patent Office; that Rule 341(c) of the Patent Office[1] is reasonable and valid and is not discriminatory in that taking of an examination may be waived in the case of any person who has served for three years in the examining corps of the Patent Office; that the questions propounded in the examination taken by the plaintiff were pertinent and proper, and that they were reasonable in the sense that they covered subjects in which a prospective practitioner before the

1. Rule 341—"(c) *Requirements for registration.* No person will be admitted to practice and registered unless he shall apply to the Commissioner of Patents in writing on a prescribed form supplied by the Commissioner and furnish all requested information and material; and shall establish to the satisfaction of the Commissioner that he is of good moral character and of good repute and possessed of the legal and scientific and technical qualifications necessary to enable him to render applicants for patents valuable service, and is otherwise competent to advise and assist them in the presentation and prosecution of their applications before the Patent Office. In order that the Commissioner may determine whether a person seeking to have his name placed upon either of the registers has the qualifications specified, satisfactory proof of good moral character and repute, and of sufficient basic training in scientific and technical matters must be submitted and an examination which is held from time to time must be taken and passed. The taking of an examination may be waived in the case of any person who has served for three, years in the examining corps of the Patent Office."

Patent Office should be versed. I further find that the examination was prepared and graded by officials of the Patent Office, and that the fact that the actual examination was monitored for the Patent Office by employees of the Civil Service Commission, who delivered the papers to the Patent Office, did not affect the validity of the examination.

We come then to the question whether the statutory provision for judicial review of the Commissioner's action, as supplemented by Local Civil Rule 95, requires the court to review the grading of the plaintiff's answers to the written examination and, if so, how far the court should go in such review.

The pertinent part of 35 U.S.C.A. § 11 provides: "The Commissioner of Patents * * * may prescribe rules and regulations governing the recognition of agents, attorneys, or other persons representing applicants or other parties before his office, and may require of such persons, agents, or attorneys, before being recognized as representatives of applicants or other persons, that they shall show that they are of good moral character and in good repute, are possessed of the necessary qualifications to enable them to render to applicants or other persons valuable service, and are likewise competent to advise and assist applicants or other persons in the presentation or prosecution of their applications or other business before the office. * * * The action of the commissioner may be reviewed upon the petition of the person so refused recognition or so suspended or excluded by the district court of the United States for the District of Columbia under such conditions and upon such proceedings as the said court may by its rules determine."

Local Civil Rule 95, adopted by this Court pursuant to the foregoing statute, provides in part: "A person refused recognition to practice or suspended or excluded from practice before the Patent Office may file his petition in this court against the Commissioner of Patents for review of such action within thirty days after date of the order recording the Commissioner's action. * * * Prior to the time for hearing the petitioner shall file a certified copy of *the*

*record and proceedings before the Patent Office, which shall constitute the sole basis for the court's review.* (Emphasis supplied.)

In the case at bar, in view of the practice of the Patent Office to regard examination papers and grades thereon as confidential and to refuse applicants access to them, the plaintiff was unable to specify in his petition wherein he contended the officials of the Patent Office had erred in grading his answers, or to file a certified copy of his examination papers with his petition. However, pursuant to an order of the court, which directed that plaintiff be permitted to inspect but not to copy any part of such papers, the Commissioner of Patents has filed a certified copy of the plaintiff's written examination and the grades given thereon.

■■ It is the position of the Commissioner of Patents that the function of the court in reviewing the action of the Commissioner under the provisions of 35 U.S.C.A. § 11 is not that of a trier of the facts, but is merely to review what has been done to determine whether or not a fair hearing has been had and whether there is substantial evidence to support the action of the Patent Office. With this the court agrees. Kingsland v. Dorsey, 338 U.S. 318, 70 S.Ct. 123, 94 L.Ed. 123, affirming Hatch v. Ooms, D.C., 69 F.Supp. 788. However, viewing the statute as giving an applicant, as a matter of right, an appeal for judicial review of the Commissioner's action, it seems apparent that in the case of denial of admission on the basis of the applicant's grade on the written examination, in order for such appeal to have any real effectiveness, the court should review the record not only as to the law of the case, but also as to whether there was any substantial basis for the Commissioner's grading of the examination.

The court has therefore adopted what it believes to be one reasonable approach to such review. It obtained from the Patent Office answers to the first thirty-five questions propounded in the examination, which that Office considered correct, together with a copy of the apparatus patent on which the first three questions of Part 2 of the examination were based. It also obtained from

the Patent Office the original examination papers of two successful applicants who took the examination at the same time as plaintiff. The court then read all the questions propounded and the plaintiff's answers thereto. As to those questions on which the plaintiff received less than the maximum grade, it has also reviewed the approved answers and the answers of the two other applicants, for the purpose of comparison to see if uniform treatment was afforded the applicants.

The first part of the examination consisted of thirty-five questions as to law and practice, and the second part six questions designed to test the applicant's knowledge of the preparation of apparatus and process claims. The plaintiff passed the first part, but failed the second. The Patent Office requires passage of both parts of the examination in order for an applicant to be admitted to practice. Although the plaintiff passed the first part, the court reviewed the questions therein and answers by the plaintiff and the two other applicants as background in determining whether fair treatment was accorded the plaintiff.

■ On such comparison of both parts of the examination, the court finds that the standard for marking the examination papers was uniform; that such standard was applied in marking plaintiff's examination papers; that the marking of plaintiff's examination papers was honest and reasonable; that the plaintiff was in no wise discriminated against; and that the over-all grade which plaintiff received was below the mark established as a passing grade.

By this the court does not mean, nor does it construe the law to require, that had the court marked the papers originally, it would have arrived at the identical grade awarded by the Patent Office officials. The court does mean that its examination of the record has caused it to conclude that, by reasonable tests, the officials of the Patent Office acted fairly and without discrimination in the grading of the plaintiff's examination, pursuant to a uniform standard, that the plaintiff failed to pass the required examination, and therefore he has not made such a showing of the necessary qualifications as to entitle him to be admitted to practice before the Patent Office.

Since the primary responsibility for protection of the public from unqualified practitioners before the Patent Office rests in the Commissioner of Patents, not in the courts, and it appears that there was a reasonable basis for the action of the Commissioner denying the plaintiff admission to practice, the court will not disturb the Commissioner's action. Kingsland v. Dorsey, supra.

This court is conscious that the method of review herein followed places quite a burden upon the court, but anything short thereof would not, in its opinion, have satisfied the mandate of Congress as prescribed by 35 U.S.C.A. § 11. This court questions the desirability of the present provision for judicial review of the Commissioner's action, unrestricted save by Local Rule 95, as applied to appeals from denial of admission to practice for failure to pass the required written examination.

Counsel will prepare and submit appropriate findings of fact, conclusions of law, and judgment for the defendant.