John C. GAGER, Plaintiff,

v.

David L. LADD, Commissioner of Patents, Defendants.

Civ. A. No. 732-62.

United States District Court
D. Columbia.

Jan. 15, 1963.

John C. Gager, plaintiff pro se, Washington, D. C.

Raymond E. Martin, Washington D. C. Attorney for Commissioner of Patents, U. S. Department of Commerce, for defendants.

JACKSON, District Judge.

This is an action brought by plaintiff in proper person for a mandatory injunction to compel the defendant, Commissioner of Patents, to admit the plaintiff to the next regularly scheduled examination for admission to practice before the United States Patent Office, and furthermore, that plaintiff be admitted to an examination of no greater complexity or no greater degree of difficulty than those heretofore given. Jurisdiction is based upon 35 U.S.C. § 32, and

Local Civil Rule 95. The facts are not in dispute. During the past several years the plaintiff properly applied for admission to an examination for registration to practice. On each such occasion defendant or his predecessor denied the application. Plaintiff's last application was made on January 2, 1962. The last examination was given on February 5, 1962. Defendant disapproved that application, and plaintiff was notified as follows:

"Your application to take the examination of February 5, 1962, is disapproved. Again you do not satisfactorily show that you have had basic training in scientific and technical matters such as to constitute the equivalent of a degree in engineering or physical science, as required by Rule 341(c) and the marked paragraph of the enclosed circular." (The enclosed circular refers to the circular hereinafter described).

On January 19, 1962, plaintiff addressed a letter to the Secretary of Commerce, inquiring whether plaintiff had exhausted the administrative remedy "in his efforts to have the requirements of Rule 341(c) properly applied." The Secretary of Commerce referred that letter to the Commissioner of Patents who stated in a letter of January 24, 1962 that plaintiff was entitled to credit for the equivalent of one year of college training leading to a degree in engineering on the basis of his training at the United States Merchant Marine Academy. Although the application form set forth six years experience in patent and trademark work, the Commissioner was not willing to grant credit for that practical experience because the description as indicated on the form "does not suggest that it was devoted primarily to the preparation and prosecution of applications for patent." The Commissioner concluded that plaintiff's application had not shown that he had the required training in science and technical matter, and denied the application.

In a letter dated February 2, 1962, plaintiff protested the Commissioner's denial of his application, and inquired whether the letter from the Commissioner of Patents of January 24, 1962, constituted a final administrative determination. The First Assistant Commissioner answered this inquiry in the affirmative on February 16, 1962. The Complaint alleges that the defendant abused his discretion under Rule 341(c) of the Rules of Practice of the Patent Office in refusing to admit plaintiff to an examination. Plaintiff now seeks review here of the action of the Patent Office.

Local Civil Rule 95 of the United States District Court for the District of Columbia, provides for the review of the action of the Commissioner of Patents in refusing a person recognition to practice before the Patent Office. This rule provides, inter alia, that prior to the time for hearing, the *petitioner shall file with the Court a certified copy of the proceedings before the Patent Office, which shall constitute the sole basis for the Court's review.* (Emphasis supplied).

Rule 341(c) of the Rules of Practice of the Patent Office was promulgated pursuant to 35 U.S.C. § 31, and there is express authority for the promulgation of 341(c) in Section 31. The pertinent part of that Rule requires that the applicant for admission to practice before the Patent Office shall establish to the satisfaction of the Commissioner that he possesses the legal, scientific, and technical qualifications necessary for him to render valuable service and advice to applicants for patents, and is otherwise competent to advise them in the presentation and prosecution of their applications before the Patent Office. Satisfactory proof of those qualifications are to be submitted in writing on prescribed form P.O. 158 supplied by the Patent Office.

In a circular supplied to applicants entitled "General Requirements for Admission to the Examination for Registration to Practice before the Patent Office", the Commissioner indicates the standard

to be attained, and includes the following:

"A person seeking registration as a patent agent (section (b)) is admitted to the examination, if he has a degree in engineering or physical science, or the equivalent thereof, from a college or school of recognized standing. A degree in another field may be accepted where the applicant has completed 30 semester hours in chemistry or 28 semester hours in physics, or a combined total of 40 semester hours in chemistry, physics, and engineering. A lesser amount of formal education together with a showing of extended practical experience of an engineering or scientific nature or of a long apprenticeship under a registered patent attorney or agent may be accepted. Each such case is judged individually on the basis of the showing furnished by an applicant with the application form he submits for admission to an announced examination. The showing should include a corroborating statement from applicant's employer."

The sole question is one of law, namely, whether the Commissioner of Patents abused his discretion under Rule 341(c) in holding that plaintiff in his application had failed to show he was sufficiently qualified to take the examination in accordance with the rules and regulations hereinbefore discussed.

In reviewing the action of the Commissioner of Patents under the provisions of 35 U.S.C. § 32, the Court's function "is not that of a trier of the fact, but is merely to review what has been done to determine whether or not a fair hearing has been had and whether there is substantial evidence to support the action of the Patent Office." Cupples v. Marzall, D.C., 101 F.Supp. 579, 582. See also Kingsland v. Dorsey, 338 U.S. 318, 70 S.Ct. 123, 94 L.Ed. 123. Therefore, the review must be confined to the question of whether the action of the Commissioner was arbitrary and capricious.

Plaintiff contends that he has presented satisfactory proof of sufficient basic training as required by Rule 341(c). He also denies that Rule 341(c) provides a basis for a requirement of "a degree in engineering or physical science, or the equivalent thereof" found in the Patent Office circular, the pertinent portion of which is hereinbefore set out.

In Cupples v. Marzall, supra, the District Court stated that "the primary responsibility for protection of the public from unqualified practitioners before the Patent Office rests in the Commissioner of Patents". In order to aid the Commissioner in determining the applicant's fitness to take the aforesaid examination, the Commissioner established a standard of what constitutes sufficient basic training. That standard is definite, fair, and objective. At the hearing it was conceded by counsel for defendant that to require an applicant to possess a Ph.D. degree would be too stringent a requirement, but at the opposite extreme a high school education would be inadequate. It would seem that a proper standard should fall somewhere between those extremes. In the Court's opinion the Commissioner has adopted a reasonable standard of qualification. However, under certain circumstances, it should be noted that in the absence of a degree an applicant may be admitted to an examination when he has shown "a long apprenticeship under a registered patent attorney or agent", as stated in the circular.

The "apprenticeship" required by the Patent Office involves a period of time within which the applicant would have been doing the work of a patent attorney under progressively decreasing supervision. Furthermore, it has been construed by the Commissioner of Patents that the great majority of the applicant's time during his apprenticeship must have been spent primarily in the preparation and prosecution of patent appeals, and not in mere patent searching.

The apprenticeship required is modified by the word "long". Standing by itself, without further clarification, the

term "long apprenticeship" might be vague and ambiguous as to time. But the Commissioner of Patents has indicated that for two years of practical experience acquired during an apprenticeship, the applicant will be allowed one year of credit toward a degree in meeting the standard established by the Commissioner of Patents. The ultimate goal of such an apprentice would be his ability to prepare and prosecute patent applications without supervision.

Plaintiff stated in his application that he had six years of experience in patent and trademark work, and that he had worked on the prosecution of five or more applications, devoting the greater part of his time to patent searching. It cannot be said that the Commissioner acted arbitrarily or capriciously in concluding that the six years of patent and trademark work were not spent primarily in the preparation and prosecution of patent applications such as to satisfy the aforesaid requirements.

The sole credit toward a degree which was allowed plaintiff in his application of January 2, 1962 was one year based upon his graduation from the U. S. Merchant Marine Academy in 1942. The Civil Service Commission determined that a degree granted by the Academy prior to 1949 was considered the equivalent of one year of engineering in an accredited school.

The Court finds the Commissioner of Patents did not abuse his discretion under Rule 341(c) in holding that the plaintiff had failed to show that he had basic training in scientific and technical matters constituting the equivalent of a degree in engineering or physical science, and that consequently, plaintiff failed to meet the standards for admission to the examination of February 5, 1962. It further finds that this denial of admission to the examination was fair and reasonable in light of all the facts and circumstances in the case, and that the determination of the Commissioner was free of arbitrariness and capriciousness. The complaint shall be dismissed, but the dismissal shall be without prejudice to the plaintiff's right to apply for admission to examinations in the future, at which time plaintiff may be able to demonstrate that he possesses a degree, or equivalent, which would constitute sufficient basic training in science and technical matters to satisfy Rule 341(c).