**Robert L. SLATER, Jr., Petitioner,**

v.

**Donald J. QUIGG, Acting Commissioner of Patents and Trademarks, Respondent.**

**No. 85–2736.**

United States District Court, District of Columbia.

March 24, 1986.

Howard L. Bernstein, Washington, D.C., for petitioner.

Fred McKelvey, Deputy Sol., U.S. Patent and Trademark Office, Washington, D.C., for respondent.

## MEMORANDUM OPINION AND ORDER

REVERCOMB, District Judge.

This matter is before the Court pursuant to 35 U.S.C. § 32, 37 C.F.R. § 10.157 (1985) and Rule 1–26 of the United States District Court for the District of Columbia. Rule 1–26 provides that a "person refused recognition to practice or suspended or excluded from practice before the Patent Office may file a petition in this Court against the Commissioner of Patents for review of such action ..."

Petitioner is an attorney admitted to practice in the Courts of the State of New York and the State of Illinois. Petitioner maintains his office in New York. Petitioner was admitted to practice before the Patent and Trademark Office in 1955.

At a hearing conducted by the office of the Commissioner of Patents and Trademarks pursuant to 35 U.S.C. § 32 and 37 C.F.R. § 1.348 (now located at 37 C.F.R. § 10.130 (1985)) it was determined that petitioner had engaged in neglect and misconduct in handling of two patent applications. To wit, the Petitioner was charged in Count I with neglect in his handling of the Boller application in violation of 37 C.F.R. § 1.344 (now located at 37 C.F.R. § 10.23) and Canon 7 and DR 7–101 (A)(3) of the Code of Professional Responsibility of the American Bar Association. Petitioner's neglect was manifested by his failure to revive a patent application and by his failure to diligently assist substituted counsel in its preparation of a petition to revive. Petitioner admits his neglect. It is clear from the record that petitioner's client suffered prejudice as the result of the neglect.

In Count II Petitioner was charged with engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of 37 C.F.R. § 1.344 (now located at 37 C.F.R. § 10.23) and Canon 1 and DR 1–102(A)(4) of the Code. Petitioner's misconduct was manifested in his representation to the Patent and Trademark Office that the Bill application had been abandoned through inadvertence. Although petitioner denies the allegation, he subsequently asserted on several occasions that he believed that it was an intentional abandonment. The record for review supports the Patent Commissioner's conclusion that petitioner believed as of the date of the revival petition that his client had intended to abandon the application.

The function of this Court in a case of this nature is not that of a trier of fact. Rather the responsibility of this Court is "to review what has been done to determine whether or not a fair hearing has been had and whether there is substantial evidence to support the action of the Patent Office." *Cupples v. Marzall* 101 F.Supp. 579, 582 (D.D.C.1952) Aff'd 204 F.2d 58 (D.C.Cir.1953).

The standard of review for a case such as this is stated in 5 U.S.C. § 706. That section provides in relevant part that: "[t]o the extent necessary to decision and when presented, the reviewing Court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing Court shall..... hold unlawful and set aside agency action, findings, and conclusions found to be ... (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law (or)

... (E) unsupported by substantial evidence ..."

The substantial evidence standard of review in a case such as this was validated by the Supreme Court in *Kingsland v. Dorsey*, 338 U.S. 318, 70 S.Ct. 123, 94 L.Ed. 123 (1949).

5 U.S.C. § 706 further provides that "[i]n making the foregoing determinations, the Court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the role of prejudicial error."

Based on the record before this Court, the Court holds that the decision of the Commissioner of Patents and Trademarks is supported by substantial evidence.

The Court further holds that the punishment meted out by the Commissioner is not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. The Court questions the appropriateness of using a suspension sanction for longer than one year. However, the alternative could result in a more severe sanction against the petitioner, rather than a lesser one.

Justice Jackson in his dissent in the *Kingsland* case stated: "even though courts lean backward to avoid suspicion of partiality to men of our own profession, they should not fear to protect a lawyer against loss of his right to practice on such a record as this." 338 U.S. at 326, 70 S.Ct. at 127.

This Court is satisfied, based on the record before it, that the rights of the petitioner have been adequately protected.

Accordingly, the findings and conclusions of the Commissioner of Patents and Trademarks are affirmed.

SO ORDERED.