Joseph S. MARESCA, Petitioner,

v.

**COMMISSIONER OF PATENTS AND TRADEMARKS, et al., Respondents.**

Civ. A. No. 93–0226.

United States District Court, District of Columbia.

Dec. 23, 1994.

Joseph S. Maresca, Bronxville, NY, pro se.

Fred E. Haynes, Washington, DC, for defendant.

## MEMORANDUM OPINION

FRIEDMAN, District Judge.

Joseph Maresca challenges the Patent and Trademark Office's ("PTO") decision denying his application to take the examination for registration to practice before the PTO. Before the Court are petitioner's motion for summary judgment and respondents' motion for summary judgment. The Court finds that there are no genuine issues of material fact and that judgment should be entered for the respondents.

## I. BACKGROUND

On October 28, 1991, Mr. Maresca filed with the Office of Enrollment and Discipline ("OED") a request for admission to the April 1992 Patent Practitioner's examination. On December 17, 1991, the OED disapproved Maresca's application because he did not meet the requirements for admission to the examination. A.R. 55–63.

Before being allowed to take the patent practitioner's examination, an applicant seeking the right to practice before the PTO must establish to the satisfaction of the Director of the OED that he or she "possess[es] the legal, scientific, and technical qualifications necessary to enable him or her to render applicants for patents valuable service." 37 C.F.R. § 10.7(a)(2)(ii). The PTO publishes a bulletin, called the General Requirements for Admission to the Examination for Registration to Practice in Patent Cases before the U.S. Patent and Trademark Office, that sets out three ways in which an applicant can show that he or she meets the scientific and technical qualifications for admission into the examination. A.R. 57–63. Under Category A, the applicant may show that he or she has received a bachelor's degree, or an equivalent degree, in one of 29 listed technical disciplines. A.R. 59. Under Category B, an applicant may show that he or she has taken (1) 24 semester hours in physics courses for physics majors, (2) 24 semester hours in biological sciences courses for biological sciences majors and either eight semester hours of chemistry with a lab or eight semester hours of physics with a lab for chemistry, physics or biological science majors, (3) 30 semester hours in chemistry courses for chemistry majors, or (4) 40 semester hours of chemistry, physics, the biological sciences, or engineering, including at least eight semester hours of chemistry with a lab or eight semester hours of physics with a lab. A.R. 59–60. Under the fourth option, science courses for non-science majors, astronomy courses and mathematics courses are not accepted. Under the fourth option, up to 16 semester hours may be credited based upon a showing of scientific and technical training gained through a long apprenticeship with a registered patent attorney or patent agent. A.R. 60. Under Category C, an applicant may show that he or she has taken and passed the Engineer-in-Training test. A.R. 60.

Mr. Maresca possesses a Bachelor of Science degree in Business Administration. To support his application he submitted college transcripts and papers describing the courses he had taken. A.R. 25–54. He sought to show that he qualified under Category A because he claimed he had the equivalent of an Industrial Engineering degree. Mr. Maresca also sought approval under Category B, Option 4. He claimed that he had the requisite 40 semester hours because he should receive credit for courses including Topics in Science, Concepts of the Computer, General Psychology, Quantitative Analysis, Operations Research, Business Policy, Price Analysis, Econometrics, Ordinary Differential Equations, Linear Algebra, Introduction to Systems Analysis and Design, Advanced Systems Analysis, Policy Studies Thesis, and Social Consequences of Information Theory.

The OED found that Mr. Maresca did not have a bachelor's degree or its equivalent in engineering, biological science or a physical science listed in Category A. It also found that Mr. Maresca's courses failed to provide the necessary scientific and technical training to meet the requirements of Category B, Option 4. A.R. 55–56. The OED found that Mr. Maresca had not shown that he had taken eight semester hours of chemistry or physics with a lab; rejected petitioner's computer, mathematics, economics and psychology courses; and declined to give credit to Maresca for prosecuting a patent application *pro se* because he did not show a long apprenticeship with a registered patent attorney or patent agent.

Mr. Maresca requested reconsideration and submitted additional materials to the OED on January 2, 1992 (A.R. 64–78), on January 6, 1992 (A.R. 82–123), on January 20, 1992 (A.R. 127–253), and on March 2, 1992 (A.R. 259–427). The Director of the OED maintained his refusal to register petitioner. A.R. 79–81, 124–26, 255–58, 428–30. On April 14, 1992, Mr. Maresca again submitted additional materials and, pursuant to 37 C.F.R. § 10.2(c), petitioned the Commissioner for review. A.R. 434–683. The Commissioner denied the petition for review and later denied petitioner's request for reconsideration. A.R. 684–93, 694–811, 812–22.[1] Petitioner subsequently filed this action under 35 U.S.C. § 32 and Local Rule 213.

In his July 31, 1992, Decision on Petition for Review, the Commissioner, through his designee, the Director of Interdisciplinary Programs, found that the Director of the OED did not err in finding that Mr. Maresca had not met the requirements of Category A or Category B, Option 4, of the PTO Bulletin. A.R. 684–93. The Commissioner upheld the Director's decision to give credit for only three semester hours and to deny credit for the other courses that Mr. Maresca submitted as meeting the requirements of Option 4. He found that the Director properly concluded that neither petitioner's Topics in Science course nor certain high school science courses fulfilled the requirement that petitioner show he has taken eight semester hours of chemistry with a lab or eight hours of physics with a lab; that the Director correctly denied credit for Mr. Maresca's Concepts of the Computer course because the subject matter was the same as the Advanced Professional Certificate course for which petitioner had already received credit; that the Director correctly denied petitioner credit for his Linear Algebra course because the bulletin expressly states that mathematics courses are not accepted as demonstrating scientific and technical training; and that the Director properly found that petitioner should not receive credit for his other courses as allowable science or engineering courses because they were either liberal arts, business or non-science courses. A.R. 689–91. In addition, the Commissioner found that petitioner had failed to show that he was entitled to 16 hours of credit for an apprenticeship because he did not identify with which patent applications he had assisted and did not provide a statement from a registered practitioner under whom petitioner served. A.R. 691–92.

In his January 4, 1993, Decision on Request for Reconsideration, the Commissioner, through his designee, the Director of Interdisciplinary Programs, rejected Mr. Maresca's argument that his coursework is a bachelor's degree in a field equivalent to industrial engineering and therefore qualifies him to take the examination under Category A of the PTO bulletin. A.R. 812, 814–15. The Commissioner stated that Category A contains no provision for admission to the examination on the basis of the applicant showing he has a bachelor's degree in a field that is "equivalent" to a subject listed in Category A. Rather, the term "equivalent" modifies bachelor's degree; the applicant must have a bachelor's degree or the equivalent of a bachelor's degree in one of the listed fields. A.R. 815. The Decision also reiterated that the Director had properly concluded that petitioner had not met the requirements under Category B, Option 4, of the bulletin. A.R. 815–21.

---

1. Before the OED could respond to petitioner's last submission and request for reconsideration, he filed an appeal in the United States Court of Appeals for the Federal Circuit. The appeal was dismissed because the appeal was premature and the Court lacked jurisdiction. A.R. 712.

## II. ANALYSIS

■ The Commissioner of Patents and Trademarks, and not the courts, is vested with the responsibility to protect the public from unqualified practitioners before the Patent Office. *Leeds v. Mosbacher*, 732 F.Supp. 198, 200 (D.D.C.) (citations omitted), *aff'd mem.*, 918 F.2d 185 (Fed.Cir.1990). To fulfill this responsibility, the Commissioner may determine whether a petitioner seeking to represent applicants for patents is qualified to practice before the PTO. 35 U.S.C. § 31; *see also* 35 U.S.C. § 6; 37 C.F.R. § 10.7. This Court may disturb the Commissioner's decisions regarding a potential representative's qualifications only if it finds that the Commissioner abused his discretion in denying a petitioner's application. The Court may find an abuse of discretion if the Commissioner's decision was arbitrary and capricious. *Gager v. Ladd*, 212 F.Supp. 671, 673 (D.D.C.1963).

■ Under 35 U.S.C. § 32, the sole basis for the Court's review is the record and proceedings before the PTO, *see* Local Rule 213, and the Court's limited function is to determine whether the PTO's decision was arbitrary and capricious based on the record created and considered by the PTO. *Camp v. Pitts*, 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973); *Leeds v. Mosbacher*, 732 F.Supp. at 204. This standard of review is highly deferential: "If [the Commissioner] has considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for the decision, reversible error will be extremely difficult to demonstrate." *Hines on Behalf of Sevier v. Secretary of the Dept. of Health and Human Services*, 940 F.2d 1518, 1528 (Fed.Cir.1991) (citations omitted).

■ In this Court, Mr. Maresca advances essentially the same arguments with respect to his qualifications under categories A and B that he made before the Director of the OED and the Commissioner. The Court has carefully considered these arguments and the arguments of counsel for the Commissioner, and has reviewed the record before the OED

and the record before the Commissioner, the decisions of the Director of the OED, the Commissioner's Decision on Petition for Review, and the Commissioner's Decision on Request for Reconsideration. The Court finds that the Commissioner did not abuse his discretion in denying Mr. Maresca's application. The Commissioner considered the relevant evidence of record, drew plausible inferences and articulated a rational basis for his decision. His decision was "fair and reasonable in light of all the facts and circumstances in the case...." *Gager v. Ladd*, 212 F.Supp. at 674. Absent any other relevant considerations, therefore, the decision of the Commissioner must be upheld because it was not arbitrary and capricious. *Leeds v. Mosbacher*, 732 F.Supp. at 204; *Gager v. Ladd*, 212 F.Supp. at 674.

In his appeal to this Court, Mr. Maresca advances two new arguments. First, he argues that the Commissioner has not obtained an independent validation of the qualification requirements for the examination. He asserts that the PTO's decisions with respect to which of his courses should receive scientific or engineering credit are invalid because the PTO has failed to consider the outside opinions of professional associations that set scientific and engineering standards. Second, he argues that the PTO's decision is an invalid encroachment on states' rights because it impinges on New York's laws that set educational standards.

■ Mr. Maresca's additional claims lack merit. Congress delegated to the Commissioner the responsibility for setting the qualifications required of person seeking to be registered to practice before the PTO. 35 U.S.C. §§ 6, 31; *Leeds v. Mosbacher*, 732 F.Supp. at 200. Congress did not direct the Commissioner to consult with independent standard-setting bodies or states in fulfilling his responsibility. Congress provided the Commissioner with the discretion to determine the necessary qualifications. He need not obtain approval from any state or independent organization in setting or applying the qualifications.[2]

---

**2.** It has long been settled that the standards established by the Commissioner are reasonable,

definite, fair and objective. *See Gager v. Ladd*, 212 F.Supp. at 673.

508

For the forgoing reasons, petitioner's motion for summary judgment is DENIED and respondents' motion for summary judgment is GRANTED. An Order consistent with this Memorandum Opinion is entered this same day.

SO ORDERED