**Philip A. PREMYSLER,**
**Plaintiff–Appellant,**

v.

**Bruce A. LEHMAN, Commissioner**
**of Patents and Trademarks,**
**Defendant–Appellee.**

No. 95–1219.

United States Court of Appeals,
Federal Circuit.

Dec. 1, 1995.

Rehearing Denied; Suggestion for
Rehearing In Banc Declined
Jan. 23, 1996.

Alex Premysler, for appellant, submitted on the briefs.

Nancy J. Linck, Solicitor, Office of the Solicitor, Arlington, Virginia, submitted on the brief for respondent. With her on the brief were Albin F. Drost, Deputy Solicitor and Richard Torczon, Associate Solicitor.

Before NEWMAN, MICHEL and RADER, Circuit Judges.

Opinion for the court filed by Circuit Judge RADER, opinion concurring in the judgment filed by Circuit Judge NEWMAN.

RADER, Circuit Judge.

The Commissioner of Patents denied Mr. Premysler's application to take the examination for patent agents to practice before the United States Patent and Trademark Office (PTO). The Commissioner determined that Mr. Premysler did not have sufficient technical qualifications. On review, the United States District Court for the District of Co-lumbia upheld the Commissioner's decision. Because the Commissioner has not abused his discretion to consider the technical qualifications of applicants to practice before the PTO under 35 U.S.C. § 31 (1988), this court affirms.

## BACKGROUND

The Commissioner has discretion to "prescribe regulations governing the recognition and conduct of" patent agents or attorneys and "may require them . . . to show that they . . . are possessed of the necessary qualifications to render to applicants or other persons valuable service, advice, and assistance in the presentation or prosecution of their applications or other business before the Office [PTO]." 35 U.S.C. § 31. Under this discretion, the Commissioner has required individuals, who have never been patent examiners, to pass an examination to qualify for practice before the PTO.

Not everyone, however, is eligible to take the PTO examination. Only those who have shown sufficient technical competence may take this examination. To simplify the eligibility process for determining which individuals may take this examination, the PTO publishes a bulletin called the *General Requirements for Admission to the Examination for Registration to Practice in Patent Cases before the U.S. Patent and Trademark Office* (*General Requirements*). This bulletin describes criteria that are generally sufficient to show technical competence qualifying an individual to sit for the examination. The *General Requirements* standards are based on the criteria set forth in 37 C.F.R. § 10.7(a) (1995).

Mr. Premysler applied to take the October 1990 PTO examination. The *General Requirements* for the October 1990 examination specified four criteria to sit for the examination. The applicant must have: (1) a bachelor's degree in a scientific subject; (2) a bachelor's degree in a nonscientific subject and a required number of credit hours in scientific subjects; (3) a combination of scientific courses and practical experience; or (4) a long apprenticeship under a registered patent attorney.

After receiving Mr. Premysler's application, the Office of Enrollment and Discipline (OED) rejected his application due to insufficient technical competence. Mr. Premysler did not have a bachelor's degree in a scientific subject, a bachelor's degree in another subject and forty hours of scientific course work, or an adequate apprenticeship. Mr. Premysler, after receiving his rejection, began taking scientific courses to work towards fulfilling the 1990 *General Requirements* to take the PTO examination. The PTO, however, changed the *General Requirements* for the August 1991 examination.

Mr. Premysler applied to take the April 1993 examination. Although Mr. Premysler now met the standards for the October 1990 exam, he did not meet the April 1993 standards. The April 1993 examination listed three qualification standards, Categories A, B, and C. An applicant must satisfy one of the three categories. Under Category A, an applicant can show a bachelor's degree in a technical subject. Category B requires an applicant to show a bachelor's degree in another subject and a required number of hours in scientific classes (e.g., 24 hours of physics) or practical experience or both. Category C requires an applicant to successfully complete the Engineer-in-Training (EIT) test. The April 1993 criteria excluded the combination of courses and a long apprenticeship available in the 1990 *General Requirements*.

In Mr. Premysler's application to take the April 1993 exam, he offered evidence that he had completed 24 hours of physics and had a long apprenticeship. The credits and the long apprenticeship would have been sufficient under the October 1990 standards, but were insufficient for the April 1993 standards. Consequently, the director of OED rejected Mr. Premysler's application. Mr. Premysler appealed the director's decision to the Commissioner.

The Commissioner considered Mr. Premysler's credentials on appeal and found them insufficient to show technical competence. The Commissioner found the director improperly based his decision solely on the categories in the *General Requirements*. The Commissioner noted that lack of a bach-

elor's degree in a scientific subject is not always dispositive, an applicant may meet the requirements of 37 C.F.R. § 10.7(a) without a degree. The Commissioner concluded, however, that applicants without a degree have a high burden to show sufficient expertise and professionalism in science or engineering. The Commissioner's final decision determined that Mr. Premysler had not met this burden. Consequently, the Commissioner held that the director did not abuse his discretion in finding Mr. Premysler's credentials unsatisfactory.

Mr. Premysler appealed this decision to the District Court for the District of Columbia. Mr. Premysler and the Commissioner filed cross-motions for summary judgment. The district court granted the Commissioner's motion for summary judgment and dismissed the case. Mr. Premysler appeals to this court.

## STANDARD OF REVIEW

This court reviews grants of summary judgment *de novo*. *Winner Int'l Corp. v. Wolo Mfg. Corp.*, 905 F.2d 375, 376, 15 USPQ2d 1076, 1077 (Fed.Cir.1990).

## DISCUSSION

The issue here is whether the Commissioner abused his discretion in finding Mr. Premysler's technical qualifications insufficient to sit for the PTO examination. Title 35 vests the Commissioner, not the courts, with the responsibility to protect PTO proceedings from unqualified practitioners. *Leeds v. Mosbacher*, 732 F.Supp. 198, 200 (D.D.C.), *aff'd*, 918 F.2d 185 (Fed.Cir.1990). A court may disturb the Commissioner's decisions regarding a potential practitioner's qualifications only if it finds that the Commissioner abused his discretion in denying a petitioner's application. *Gager v. Ladd*, 212 F.Supp. 671, 673 (D.D.C.1963).

Under 35 U.S.C. § 31, the Commissioner has the discretionary authority to regulate the practice of patent agents before the PTO. Under the regulations on this subject, the PTO will not register an individual to practice before the PTO unless he or she is "possessed of the legal, scientific, and techni-

cal qualifications necessary to enable him or her to render applicants for patents valuable service." 37 C.F.R. § 10.7(a)(2)(ii) (1995). The Commissioner promulgated the *General Requirements* bulletin to interpret this regulation.

The *General Requirements* merely interpret the kinds of credentials that typically demonstrate technical competence under 37 C.F.R. § 10.7(a)(2)(ii). As interpretive rules, the *General Requirements* are not subject to rule-making procedures under 5 U.S.C. § 552 (1988).

Interpretive rules, under 5 U.S.C. § 553, do not invoke the notice and comment requirements in 5 U.S.C. § 552. Interpretive rules enable agencies "to explain ambiguous terms in legislative enactments without having to undertake cumbersome proceedings." *American Hosp. Ass'n. v. Bowen*, 834 F.2d 1037, 1045 (D.C.Cir.1987). Thus, the Commissioner committed no reversible error in promulgating the *General Requirements* or citing them in this case.

 The *General Requirements* themselves clarify that they are not dispositive in determining whether an applicant may sit for the PTO examination. The Commissioner may, at his discretion, determine if an applicant possesses sufficient technical skills to take the examination. The Commissioner in this case undertook a review of Mr. Premysler's qualifications without regard for the *General Requirements*. Therefore, the *General Requirements*, alone, do not prevent anyone from taking the examination. In sum, the *General Requirements* do not bind the public to new regulations that were not subject to notice and comment. In this case, Mr. Premysler submitted evidence of his technical competence to the PTO. The Commissioner considered Mr. Premysler's apprenticeship experience including: (1) a summary of several patent applications on which he had worked; (2) a statement from a patent attorney employed by his employer; and (3) declarations from his professional colleagues. The Commissioner found this evidence insufficient:

> The [patent application] summary and patent attorney's statement present many of the difficulties common in evaluating apprenticeship evidence. Neither the summary nor the statement indicate the length of the apprenticeship or the nature and amount of oversight and training provided by the patent attorney. The accounts in the summary are not corroborated by any objective evidence.... The summary does not support a finding of apprenticeship.

Patent and Trademark Office Decision, p. 27 (Apr. 1, 1994). *See Premysler v. Lehman*, 33 USPQ2d 1859, 1863, 1994 WL 776982 (D.D.C. 1994). This court detects no reversible error in this determination.

## CONCLUSION

After thorough review of the record, the Commissioner found Mr. Premysler's technical qualifications insufficient. Because the Commissioner acted within his discretion in denying Mr. Premysler entrance to the PTO examination, this court affirms the district court's decision to dismiss the case.

## COSTS

Each party shall bear its own costs.

*AFFIRMED.*

PAULINE NEWMAN, Circuit Judge, concurring in the judgment.

The right of the PTO to require special technical and other qualifications of its practitioners, 35 U.S.C. § 31, was reaffirmed in *Sperry v. Florida*, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428, 137 USPQ 578 (1963) (setting forth the history of the PTO's regulation of patent agents and attorneys). Mr. Premysler has disputed the reasonableness of the Commissioner's new scientific and other requirements. That question is not answered by stating that the matter is discretionary, for such discretion must be exercised by the objective application of reasonable standards, and the majority offers no analysis of the reasonableness of these rules. However, since I believe that the Commissioner's handling of Mr. Premysler's applica-

tion is sustainable under these particular circumstances, I concur in the court's judgment.