**Robert S. WORLEY, Plaintiff,**

v.

**UNITED STATES PATENT AND TRADEMARK OFFICE, et al., Defendants.**

No. Civ.A. 99–1469 (RCL).

United States District Court, District of Columbia.

Nov. 8, 2000.

Robert S. Worley, Irvine, CA, for plaintiff.

Wilma A. Lewis, Mark E. Nagle, Paul S. Padda, United States Attorney's Office for the District of Columbia, Washington, DC, for defendant.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

This matter comes before the Court on defendants' Motion to Dismiss, or, in the Alternative, for Summary Judgment. Upon consideration of that motion and supporting documents, plaintiff's opposition thereto, defendants' reply, the entire record herein, and the relevant law, the Court grants defendants' motion.

### I. BACKGROUND

Plaintiff Robert Worley brings this action against the Commissioner of the United States Patent and Trademark Office ("USPTO"). Worley alleges that the Commissioner of the USPTO has "denied in an arbitrary and capricious manner, without color of law and without justification, Plaintiff's admission to practice before the USPTO" by giving him a failing grade on his Patent Bar examination. Plaintiff's Complaint at ¶ 21 (hereinafter "Compl. ¶ ").

The facts in this case are undisputed. Mr. Worley has sat for the Patent Bar examination three times. On his first attempt in May 1995, he failed the entire examination. On his second attempt in August 1996, he passed the afternoon section and failed the morning section. On his third attempt in August 1997, he once again failed the morning section, receiving a grade of 66 when a grade of 70 was required to pass. Compl. ¶¶ 5–11. In April 1998, Mr. Worley submitted a formal request to the USPTO for regrading of three of his answers, which, if granted, would have given him a passing grade on the morning section. In his request, he argued that his interpretations of the ques-

tions and subsequent answers were reasonable, and that his answers should therefore be graded as correct. The USPTO denied his request because the USPTO relies upon its Model Answers both when grading and regrading questions, and Mr. Worley's answers differed from the Model Answers. Compl. ¶¶ 13–14. In September 1998, Mr. Worley then filed a petition for review of the decision to deny his request for a regrade. The USPTO denied his petition. Compl. ¶¶ 15–16.

On June 8, 1998, Mr. Worley filed this complaint alleging (a) that the USPTO erroneously graded his examination answers as incorrect and that in so doing, the USPTO breached a duty to people taking the patent examination to correctly analyze and apply the relevant law; and (b) that the USPTO, in this instance and in general, acts arbitrarily and capriciously

> by preparing examinations that are not intended to fairly evaluate the information possessed by the candidate to assist others in preparing and prosecuting patent applications, but rather is more intent to discover and evaluate the applicant's understanding of minutia, of trivia, of matters which seldom if ever come into play in the preparation or grading of a patent application and is used more to grade answers wrong to refuse to admit people to practice before the USPTO.

Compl. ¶¶ 18–20.

The USPTO filed a motion to dismiss, or in the alternative, for summary judgment. The Court, for the reasons stated below, denies the USPTO's motion to dismiss and grants the USPTO's motion for summary judgment.[1]

## II. ANALYSIS

■ In accordance with the Administrative Procedures Act, 5 U.S.C. § 706(2)(A), this Court uses a deferential "arbitrary and capricious" standard when reviewing decisions of the Commissioner of the USPTO regarding admission to practice before the USPTO. See Premysler v. Lehman, 71 F.3d 387, 389 (Fed.Cir.1995). The function of this Court is not to retry the facts, but rather to "review what has been done to determine whether or not a fair hearing has been had and whether there is substantial evidence to support the action of the Patent Office." Klein v. Peterson, 696 F.Supp. 695, 698 (D.D.C.1988). Finally, pursuant to District of Columbia Local Civil Rule 83.7, the Court is limited in its review to the record and proceedings of the USPTO.

■ The standard for review of the grading of a Patent Bar examination is "whether the officials of the Patent Office acted fairly and without discrimination in the grading of the plaintiff's examination, pursuant to a uniform standard." Cupples v. Marzall, 101 F.Supp.2d 579, 583 (D.D.C. 1952). In Cupples, the court applied this standard by comparing the plaintiff's examination with the examinations taken by two other applicants to determine whether the examination was graded fairly and without discrimination. Id. at 582–83. However, the court recognized that this method was only "one reasonable approach to" applying the standard. Id. at 582. The Court of Appeals declined to hold that the method used was necessary, but did hold that the standard was appropriate. See Cupples v. Watson, 204 F.2d 58 (D.C.Cir.1953).

Since the USPTO now grades all examinations by comparing the answers in the graded examination to a set of Model Answers, this Court finds it unnecessary to use the comparison method used by the

---

1. The title of defendant's brief ("Motion to Dismiss or, in the Alternative for Summary Judgment") leads the Court to believe that the USPTO intended to argue that a motion to dismiss should be granted, perhaps because Mr. Worley has failed to state a claim upon which relief may be granted. However, since defendant has made no arguments to this effect in its briefs, the Court summarily denies defendant's motion to dismiss and considers the motion as one for summary judgment.

court in *Cupples*. Since all exams are graded in reference to this external document, use of the Model Answers fosters uniformity in grading and precludes unfair and individually discriminatory grading.

 This Court holds that the USPTO's use of a set of Model Answers to grade patent bar examinations satisfies the *Cupples* standard because it provides a set of uniform standards by which all examinations can be fairly judged and is therefore not arbitrary and capricious. The Court rejects Mr. Worley's argument that an examination regrade should consist of an individual determination as to whether the individual's explanation for their answer constituted a reasonable interpretation of the patent law, rather than a determination as to whether the grading conformed with the Model Answer. Permitting individualized and subjective regrading upon request would promote, not reduce, the likelihood that the USPTO would make arbitrary and capricious decisions about who passes and fails the Patent Bar examination.

### III. *CONCLUSION*

For the reasons stated above, the Court holds that the decision of the Commissioner of the USPTO not to regrade Mr. Worley's examination answers as correct when the answers did not conform with the USPTO's Model Answers was not arbitrary and capricious. In a separate order this date, the Court therefore DENIES defendants' motion to dismiss and GRANTS defendants' motion for summary judgment.