Martin J. Moran, Pittsburgh, Pa., for plaintiff.

J. F. Nakamura, Washington, D. C., for defendant.

**Martin J. MORAN, Plaintiff,**

v.

**Rene D. TEGEMEYER, Defendant.**

Civ. A. No. 1397–73.

United States District Court, District of Columbia, · Civil Division.

Sept. 10, 1973.

MEMORANDUM OPINION

JOHN LEWIS SMITH, Jr., District Judge.

This is an action for review of defendant's denial of plaintiff's petition to practice before the Patent Office. The case is before the Court on defendant's motion for summary judgment. At issue is whether plaintiff was given proper credit for his answer to question 5 on an examination for registration to practice before the Patent Office administered by the Committee on Enrollment on September 12, 1972. For reasons set forth below, defendant's motion is de-

---

nied and the Court, finding that plaintiff was given insufficient credit for his answer to question 5, remands the case to defendant for regrading of plaintiff's answer to question 5.

Plaintiff opposes defendant's motion for summary judgment on grounds that first, there is a genuine issue of material fact concerning the equality of standards upon which all examination papers were graded and second, plaintiff's answer to question 5 is correct as a matter of law. In support of his first contention, plaintiff relies on the grading report of another examinee which indicates that contrary to grading rules, the examinee's afternoon portion of the examination was graded even though he failed the morning portion. Since the gravamen of plaintiff's action focuses upon the propriety with which his answer to question 5 was evaluated, plaintiff's proffer of a grading report which does not reflect upon the grading of question 5, is too far removed from the question at hand to constitute grounds for finding a genuine issue of material fact.

Turning to the question of whether plaintiff's answer to question 5 was correct, the issue of law involved is whether a showing of long felt want and commercial success is sufficient to overcome a *prima facie* case of obviousness under 35 U.S.C. § 103. Plaintiff answered in the negative by stating that such showings were "irrelevant to the issues raised by the examiners [sic] rejection." In addition, plaintiff also indicated how the rejection might be overcome. In its sample answer to question 5, the Patent Office Committee on Enrollment noted two acceptable but quite different answers. The first reflects the view of the Court of Customs and Patent Appeals that evidence of long felt want and commercial success may be relevant in reaching the ultimate conclusion on the question of obviousness. In re Tiffin et al. *(Tiffin I)*, 443 F.2d 394 (Cust. & Pat.App.1971), modified *(Tiffin II)*, 448 F.2d 791 (Cust. & Pat.App.1971). The second sample answer reflects the view

of the Supreme Court that such evidentiary showings will not make patentability without invention under the obviousness—unobviousness standard of 35 U.S.C. § 103, Anderson's—Black Rock Inc. v. Pavement Salvage Co., 396 U.S. 57, 90 S.Ct. 305, 24 L.Ed.2d 258 (1969).

A review of the case law on the legal issue in question shows no clear-cut resolution. As the Committee on Enrollment's sample answer correctly points out, the Court of Customs and Patent Appeals has taken a firm stand requiring the consideration of such evidence in connection with the determination of obviousness. *Tiffin I, supra; Tiffin II, supra*; Application of Fielder, 471 F.2d 640 (Cust. & Pat.App.1973). The Supreme Court has been less clear on the matter. In the touchstone decision of contemporary case law on obviousness, Mr. Justice Clark in Graham et al. v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 694, 15 L.Ed.2d 545 (1966), noted:

> Such secondary considerations as commercial success, long felt but unsolved needs, . . . might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented. As indicia of obviousness or nonobviousness, these inquiries may have relevancy.

However, nearly four years later, Mr. Justice Douglas, speaking for the Court in *Black Rock, supra,* said:

> It is however, fervently argued that the combination filled a long felt want and has enjoyed commercial success. But those matters "without invention will not make patentability." *Citation omitted.*

Finally, in our own district, Judge McGuire noted in Leesona Corp. v. Commissioner, Civil Action No. 1537–69 (October 19, 1972):

> Assuming, *arguendo,* commercial success, such does not remedy the fatal defect of obviousness.

Inasmuch as the law on this issue is unsettled as between the two major Supreme Court opinions on the subject and

inasmuch as the more recent of the decisions *(Black Rock)* indicates that showings of commercial success and long felt want will not negative a case of *prima facie* obviousness, plaintiff's characterization of the showing as "irrelevant" should have been accorded credit. The fact that the Committee on Enrollment considers two answers which lie on opposite ends of the spectrum as acceptable, serves as clear testimony to the ambiguity which surrounds this issue. Consequently, not to accord plaintiff any credit for reaching a conclusion about the value of these evidentiary showings, which one might reasonably make in view of *Black Rock*, was clearly erroneous.

In reaching its conclusion that plaintiff should receive credit for his answer, the Court intimates no view as to the amount of credit that should be given. The Court does note that out of a possible 10 points of credit for question 5, plaintiff received none. Moreover, it is noted that plaintiff needs 4 points to pass the examination. The issue therefore arises whether plaintiff's answer, in view of this Court's findings, merits 4 points of credit. Such a determination involves consideration of grading criteria not present in the record on review before the Court. Consequently, the case must be remanded to defendant for regrading in conformity with established grading criteria used by the Committee on Enrollment.

In determining the amount of credit to be afforded plaintiff's answer, the defendant should give consideration to the fact that plaintiff correctly answered the first part of question 5 when he indicated that the "examiner's rejection of claims 1–3 will be upheld" on appeal. In addition, plaintiff's explanation for the affirmance on grounds that the evidentiary showings were "irrelevant to the issues" was not in error for reasons already set forth in this memorandum opinion. The Court does note, however, that instructions on the examination read: "POINTS WILL BE DEDUCT-ED FOR IRRELEVANT DISCUSSION AND INCORRECT REASONING." Since question 5 asks for the outcome of a Patent Office rejection on appeal and not how the rejection might be overcome, plaintiff's discussion of the latter point is deemed irrelevant and hence grounds for point deductions.

In order to insure that the regrading of question 5 is consistent with this Court's memorandum opinion and that it is based on considerations used in grading all of the September 12th examination papers, defendant should prepare an explanation in support of the new grade given to question 5 in the event the new grade is less than the 4 points needed to pass the examination.

Accordingly, defendant's motion for summary judgment is denied and this case is remanded for further proceedings not inconsistent with this memorandum opinion.