900 F.2d 195
 14 U.S.P.Q.2d 1485
 ANIMAL LEGAL DEFENSE FUND, a non-profit corporation, et al.,
Plaintiffs-Appellants,
v.
Donald J. QUIGG, as Assistant Secretary of the Department of
Commerce and Commissioner of the U.S. Patent and Trademark
Office, C. William Verity, as Secretary of the Department of
Commerce, Defendants-Appellees.
 No. 89-15129.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 15, 1990.
Decided April 6, 1990.
 
 Joyce S.A. Tischler, Animal Legal Defense Fund, San Rafael, Cal., for plaintiffs-appellants.
 John F. Daly, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before SNEED, FARRIS and FERNANDEZ, Circuit Judges.
 FARRIS, Circuit Judge:
 
 
 1
 The Animal Legal Defense Fund and other animal rights and farming groups, as well as two individual farmers, seek to invalidate a rule issued by the Commissioner of the U.S. Patent and Trademark Office, Donald Quigg, which stated that genetically altered animals are patentable subject matter. Plaintiffs base their claim on the APA, alleging that the Commissioner was required to, and did not provide notice of the proposed rule in the Federal Register and an opportunity for public comment. Plaintiffs also allege that the Commissioner exceeded his statutory authority under the Patent Act in promulgating the rule. The district court found in favor of the Commissioner. 710 F.Supp. 728. Plaintiffs appeal that ruling. The Commissioner challenges this court's jurisdiction over this appeal, because the case involves patent issues, which are within the exclusive jurisdiction of the United States Court of Appeals for the Federal Circuit. 28 U.S.C. Sec. 1295(a)(1). Our independent examination causes us to agree.
 
 
 2
 The Federal Circuit has exclusive appellate jurisdiction when the jurisdiction of the district court "was based, in whole or in part, on [28 U.S.C. Sec. ] 1338 [patent law]." 28 U.S.C. Sec. 1295(a)(1). All cases that raise patent law issues need not be heard by the Federal Circuit; only those cases that "arise under" patent law are subject to section 1338 jurisdiction. See Speedco Inc. v. Estes, 853 F.2d 909, 913 (Fed.Cir.1988). The interpretation of section 1338 is based on general jurisdictional principles. Thus, we must look to Plaintiffs' well-pleaded complaint to determine whether their claim, or any part of it, "arises under" patent law:
 
 
 3
 [Section] 1338 jurisdiction ... extend[s] only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.
 
 
 4
 Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 809, 108 S.Ct. 2166, 2173, 100 L.Ed.2d 811 (1988) (citations omitted).
 
 
 5
 Plaintiffs have structured their arguments in terms of the Administrative Procedure Act. They argue that the Commissioner has promulgated a rule without following the APA's notice and comment procedures, and that the Commissioner acted ultra vires, because he did not have authority to issue this rule under the Patent Act. The first claim arguably raises only the issue of compliance with the rulemaking procedure, but the second turns on a construction of patent law--the authority of the Commissioner under the Patent Act to rule that animals are a patentable subject matter.
 
 
 6
 This claim is not merely one with a subsidiary patent law issue. Plaintiffs' ultra vires claim "necessarily depends on a resolution of a substantial question of federal patent law." Christianson, 486 U.S. at 809, 108 S.Ct. at 2173. The complaint squarely raises the question of whether the Patent Act allows the Commissioner to authorize the patenting of animals. The answer to this question turns on a construction of patent law. There are no alternate theories upon which Plaintiffs can base their claim that do not depend on a construction of patent law. Cf. Id. at 810, 108 S.Ct. at 2174 (plaintiff's claim could succeed under theories not dependent on patent law). Therefore, even though the APA may create the cause of action, the claim "arises under" patent law. Cf. Mobil Oil Corp. v. Long Beach, 772 F.2d 534, 539 (9th Cir.1985) (claim created by state law may "arise under" federal law for purposes of 28 U.S.C. Sec. 1331).
 
 
 7
 Plaintiffs argue that Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), created an exception to the general rules of "arising under" jurisdiction that applies to this case. They claim that Franchise Tax Bd. stands for the proposition that "if a federal statute specifically enumerates and limits the parties who may seek relief under that statute, a suit for similar relief by parties not so specified does not 'arise under' the federal law in question." According to this argument, Plaintiff's claim does not "arise under" patent law, because the Patent Act does not create a cause of action in favor of the Plaintiffs.[1]
 
 
 8
 Plaintiffs misconstrue the holding of Franchise Tax Bd. There, the Court was discussing the preemption doctrine, and it held that because ERISA only afforded a right of action to a limited number of persons, see 29 U.S.C. Sec. 1132(a), Congress did not intend to totally preempt every state cause of action related to ERISA. Cf. Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (section 301 of the Labor Management Relations Act, 1947, 29 U.S.C. Sec. 185, completely preempts any state cause of action that involves a section 301 issue). This issue is inapposite here. The preemption doctrine does not apply to the question of the extent of the jurisdiction of the Federal Circuit vis-a-vis the other circuit courts. Preemption is based on concerns for the supremacy of federal law. Here, the choice is between two federal fora. If Plaintiffs' cause of action "arises under" patent law, there is no need to decide whether it is preempted by patent law as well. Preemption is only an issue when a cause of action does not "arise under" federal law under the normal analysis as set forth in Christianson. It is then that a court must determine if a state cause of action is so dominated by federal law that it is preempted.
 
 
 9
 This case arises under patent law; we order that it be transferred to the Federal Circuit, pursuant to 28 U.S.C. Sec. 1631.
 
 
 
 [1]
 The Patent Act provides administrative and judicial review to a limited class of individuals: unsuccessful patent applicants, 35 U.S.C. Secs. 134, 141, 145; patent holders, 35 U.S.C. Secs. 135, 271; defendants to a patent infringement suit, 35 U.S.C. Sec. 271. Plaintiffs do not fall into any of these groups