947 F.2d 631
 20 U.S.P.Q.2d 1635
 Richard M. FRANCHI, Appellant-Plaintiff,
v.
Harry F. MANBECK, Jr., Assistant Secretary of Commerce and
Commissioner of Patents and Trademarks, Appellee-Defendant.
 No. 91-6148.
 United States Court of Appeals,
Second Circuit.
 Submitted July 16, 1991.
Decided Oct. 21, 1991.
 
 Richard M. Franchi, Derby, Conn., appellant-plaintiff pro se.
 John B. Hughes, Asst. U.S. Atty., New Haven, Conn. (Richard N. Palmer, U.S. Atty., of counsel), for appellee-defendant.
 Before MINER, WALKER and McLAUGHLIN, Circuit Judges.
 MINER, Circuit Judge:
 
 
 1
 Appellee-defendant Harry F. Manbeck, Jr., Assistant Secretary of Commerce and Commissioner of Patents and Trademarks ("Commissioner"), moves to dismiss the appeal of appellant-plaintiff, Richard M. Franchi, from a judgment of the United States District Court for the District of Connecticut (Dorsey, J.) dismissing the complaint in this action. In the alternative, the Commissioner seeks to transfer the appeal to the United States Court of Appeals for the Federal Circuit. According to the complaint, the Commissioner improperly denied Franchi admission to practice as a patent attorney before the United States Patent and Trademark Office ("USPTO"). On April 4, 1991, the Connecticut District Court determined that, under 35 U.S.C. § 32,[1] the United States District Court for the District of Columbia had exclusive jurisdiction to review a claim of the type being made by Franchi. For this reason, the Connecticut District Court dismissed Franchi's complaint for lack of subject matter jurisdiction. Franchi filed a timely notice of appeal to this Court on May 31, 1991.
 
 
 2
 For the reasons that follow, we hold that this Court does not have appellate jurisdiction over a claim of the type asserted by Franchi. Accordingly, the motion of the Commissioner to transfer the appeal to the Federal Circuit is granted.
 
 BACKGROUND
 
 3
 The Commissioner is authorized to regulate the admission of attorneys to practice before the USPTO, and to ensure their competency and qualifications. See 35 U.S.C. § 31 (statutory authorization); 37 C.F.R. §§ 10.1 et seq. (regulations promulgated under statutory authority). All applicants are required to pass an examination testing their knowledge of patent law and USPTO procedures. See 37 C.F.R. § 10.7(b). The examination consists of a morning and an afternoon session, both of which must be passed, but not necessarily on the same day.
 
 
 4
 In April 1989, Franchi took and passed the morning session of the exam. In October 1989, he took but did not pass the afternoon portion of the exam. After an unsuccessful appeal to the Director of the USPTO Office of Enrollment and Discipline, Franchi petitioned the Commissioner pursuant to 37 C.F.R. § 10.2(c) for administrative review of the Director's decision. Franchi contended that one of his answers to a question on the afternoon portion of the exam should be regraded because the conclusion and analysis of the Model Answer to the exam failed to account correctly for the controlling patent law statutes, rules, regulations and procedures. In July 1990, the Commissioner denied Franchi's petition. Franchi then filed an action in the Connecticut District Court seeking review of the Commissioner's denial of his petition, seeking initially to be placed on the list of attorneys qualified to practice before the USPTO.
 
 
 5
 In an amended complaint, Franchi requested that the Commissioner be ordered to "strike in whole or in part [the Model] answer and analysis to the said examination question and to grade [Franchi's] examination answer in accordance with the Court's findings (and the Laws of the United States and The Federal Regulations)." The amended complaint re-characterized Franchi's claim as a mandamus action and asserted that the Commissioner owed Franchi a duty to strike the Model Answer and regrade Franchi's answer accordingly. It was the complaint as amended that the Connecticut District Court dismissed, upon motion of the Commissioner.
 
 DISCUSSION
 
 6
 The Connecticut District Court found that regardless of how it is formally characterized, Franchi's claim for review of the Commissioner's refusal to admit Franchi to practice before the USPTO constitutes a request for judicial review under 35 U.S.C. § 32. We agree. The only immediate question before us is the jurisdictional propriety of Franchi's appeal to this Court in light of Franchi's substantive claim and the jurisdictional backdrop of this case.
 
 
 7
 Section 1295 of Title 28 provides that the Federal Circuit "shall have exclusive jurisdiction ... of an appeal from a final decision of a district court of the United States ... if the jurisdiction of that court was based, in whole or in part, on section 1338 of this title." 28 U.S.C. § 1295(a)(1). Section 1338 of Title 28 in turn provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a).
 
 
 8
 An action is said to arise under the federal patent laws where the complaint includes allegations either that federal patent law creates the cause of action or that federal patent law is a necessary element of the claim or that some right or interest will be defeated or sustained by a particular construction of federal patent law. See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 800-09, 108 S.Ct. 2166, 2166-2174, 100 L.Ed.2d 811 (1988); Animal Legal Defense Fund v. Quigg, 900 F.2d 195, 196 (9th Cir.1990); Animal Legal Defense Fund v. Quigg, 932 F.2d 920 (Fed.Cir.1991). We are satisfied that resolution of Franchi's substantive claim here implicates the patent laws within the meaning of these holdings. It is obvious that the correctness of Franchi's answer to the exam question in dispute here depends upon an interpretation of federal patent law. In addition, by its very nature the claim calls into question the Commissioner's actions pursuant to 35 U.S.C. §§ 31 & 32, and thus expresses a sufficient interest in, or has as a necessary element, the federal patent laws. Nor are we alone in such a view. See, e.g., Jaskiewicz v. Mossinghoff, 802 F.2d 532, 533-34 (D.C.Cir.1986) (action by attorney for review under 35 U.S.C. § 32 of Commissioner's decision to suspend him arises under the patent laws for purposes of 28 U.S.C. § 1338); see also Wyden v. Commissioner of Patents and Trademarks, 807 F.2d 934, 935-36 (Fed.Cir.1986) (en banc) (action by attorney for review of Commissioner's decision to discipline him arises under patent laws for purposes of 28 U.S.C. § 1338). It is also pivotal that Franchi's asserted jurisdictional right to seek review in the Connecticut District Court (as opposed to the D.C. District Court) depends on interpreting the jurisdictional provision of 35 U.S.C. § 32 (jurisdiction to review Commissioner's decisions conferred on D.C. District Court) in light of 28 U.S.C. § 1338 (jurisdiction in patent matters conferred on all district courts). We are therefore leaving for determination by the Federal Circuit a question different from that dealt with in Smith v. Orr, 855 F.2d 1544 (Fed.Cir.1988), which was whether regional circuit courts have concurrent appellate jurisdiction with the Federal Circuit to determine whether a district court's jurisdiction was based on subject matter falling under 28 U.S.C. § 1295.
 
 
 9
 In sum, it appears to us that both the substantive and jurisdictional questions raised by Franchi's claim and appeal arise under the federal patent laws. We note in this connection that we are not deciding whether Franchi's claim should have been brought originally in the D.C. District Court, or whether the Connecticut District Court properly could have transferred Franchi's claim to the D.C. District Court under 28 U.S.C. § 1631. Rather, we decide only that no matter how the various issues here or permutations thereof are formulated, they all arise under the patent laws and thus fall under 28 U.S.C. § 1338. Accordingly, they are properly resolved only by the Federal Circuit pursuant to 28 U.S.C. § 1295. See C.R. Bard, Inc. v. Schwartz, 716 F.2d 874, 877-78 (Fed.Cir.1983) (when claim arises under patent laws, the Federal Circuit has exclusive jurisdiction over any appeal under section 1295 even if district court dismissed claim for lack of subject matter jurisdiction under section 1338).
 
 
 10
 We decline, however, to dismiss Franchi's appeal. It is within the power of this Court to transfer the appeal to the Federal Circuit upon determining that (i) this Court lacks jurisdiction over the appeal, (ii) the transfer is in the interests of justice and (iii) the appeal properly could have been brought in the Federal Circuit at the time that it was noticed here. See 28 U.S.C. § 1631. We have already demonstrated that this Court lacks jurisdiction over this appeal because the relevant statutes instead vest the Federal Circuit with jurisdiction.
 
 
 11
 We also find that such a transfer would be in the interests of justice. It is appropriate that the Federal Circuit, created in part to encourage uniformity in the nation's patent laws and litigation, resolve the issues presented by this case (including the various issues we have declined to decide here). We note that under Local Rule 213 of the D.C. District Court, a person refused recognition to practice before the USPTO must file within 30 days of the refusal a petition for review with the D.C. District Court. In particular, then, we leave to the Federal Circuit's judgment whether this case could or should have been transferred to the D.C. District Court by the Connecticut District Court. In view of our discussion of the relevant jurisdictional statutes, the impact of Rule 213 on this case is more appropriately addressed by the Federal Circuit.
 
 
 12
 Further, a new appeal by Franchi to the Federal Circuit at this point would be barred as untimely, as would a new action by Franchi in the D.C. District Court for review of the Commissioner's decision. In our view the equities militate in favor of transfer. Cf. Hempstead County and Nevada County Project v. EPA, 700 F.2d 459, 463 (8th Cir.1983) (holding that in determining the interests of justice for purposes of 28 U.S.C. § 1631, the equities of dismissing a claim when it could be transferred should be carefully weighed).
 
 CONCLUSION
 
 13
 The Commissioner's motion is granted to the extent that the appeal is transferred to the United States Court of Appeals for the Federal Circuit. The Clerk of the Court is directed to take all necessary steps to effect the transfer.
 
 
 14
 It is so ordered.
 
 
 
 [1]
 Title 35 of the United States Code contains the Patent Act of 1952, as amended. Section 32 of Title 35 authorizes the Commissioner to refuse recognition to, suspend or exclude from practice before the USPTO any person not complying with the regulations promulgated by the Commissioner under 35 U.S.C. § 31, and provides that the "United States District Court for the District of Columbia, under such conditions and upon such proceedings as it by its rules determines, may review the action of the Commissioner upon the petition of the person so refused recognition or so suspended or excluded." See 35 U.S.C. § 32