Richard M. FRANCHI, Plaintiff–Appellant,

v.

Harry F. MANBECK, Jr., Assistant Secretary of Commerce & Commissioner of Patents & Trademarks, Defendant–Appellee.

No. 92–1085.

United States Court of Appeals, Federal Circuit.

Aug. 12, 1992.

Richard M. Franchi, pro se.

Fred E. McKelvey, Sol., Richard E. Schafer, Associate Sol. and James T. Carmichael, Asst. Sol., Office of the Sol., Arlington, Va., for defendant-appellee.

Before RICH, MAYER and MICHEL, Circuit Judges.

RICH, Circuit Judge.

Richard M. Franchi appeals *pro se* from the April 8, 1991 judgment of the United States District Court for the District of Connecticut, Civil No. N–90–517, granting the motion of the Commissioner of Patents & Trademarks (Commissioner) to dismiss Franchi's complaint for lack of subject matter jurisdiction. *Franchi v. Manbeck*, 19 USPQ2d 1316, 1991 WL 137276 (D.Conn. 1991) (*Franchi I*). We affirm.

## BACKGROUND

Having failed to achieve a passing grade on the afternoon portion of the October 1989 examination for registration to practice before the United States Patent and Trademark Office (PTO), Franchi sought administrative review in the PTO. In brief, Franchi took the position that his answer to a particular question was correct, and that the PTO's model answer for that question, against which Franchi's answer was graded, was faulty for failing to account correctly for the controlling patent statutes, rules, regulations and procedures. Following denial of a petition to the Commissioner pursuant to 37 C.F.R. 10.2(c) for review of the decision of the Director of Enrollment and Discipline refusing to register him to practice before the PTO, Franchi sued the Commissioner in the United States District Court for the District of Connecticut (Connecticut court).

The relief sought in Franchi's "Second Amended Complaint" (which version is involved here) was framed in the nature of mandamus, "to compel an Officer or Employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[1] Franchi contended that in grading his examination answer, the Commissioner failed to perform a duty owed to persons taking the examination, i.e., "to analyze the examination questions according to United States Laws and Federal Regulations relating to Patent Laws and to apply the Laws of the United States and Federal Regulations relating to Patent Law to the examination answers." Franchi sought to have the Connecticut court

---

1. Though Franchi's complaint does not so specify, his request for relief in the form of mandamus appears to be based upon 28 U.S.C. § 1361 (1988), which provides:

   **§ 1361. Action to compel an officer of the United States to perform his duty**

   The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

order the Commissioner of Patents and Trademarks to strike, in whole or in part, its answer and analysis to the said examination question and to grade the plaintiff's said examination answer *ab initio* in accordance with the Court's findings and the Laws of the United States and The Federal Regulations

. . . .

Franchi additionally sought to have the court "order the Commissioner of Patents and Trademarks to allow the Plaintiff to show he is qualified to render services, and assistance to applicants before the USPTO" in accordance with 35 U.S.C. § 31.[2] Lastly, Franchi sought money damages in connection with the Commissioner's "ommision [sic] to act in his official capacity." Franchi alleged that because of the Commissioner's "incorrect grading of the examination answer," he (Franchi) "had not been able to solicit work concerning practice before the USPTO which has caused a loss of income to the plaintiff."

Upon motion of the Commissioner to dismiss for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), and for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), the Connecticut court held that it lacked subject matter jurisdiction over Franchi's claims and accordingly dismissed the complaint. *Franchi I*, 19 USPQ2d at 1318. Though the suit was styled primarily as an action for mandamus, the district court found "that what plaintiff seeks from this court is a review of the decision made by the USPTO, based on a standard adopted for that purpose, not to admit him to practice." *Id.* The court concluded that

> [a]s 35 U.S.C. § 32[3] provides that the United States District Court for the District of Columbia *alone* has jurisdiction to undertake such review, this court necessarily lacks jurisdiction to do so. Further, because judicial review is available, albeit in another court, this court lacks jurisdiction to provide plaintiff with the relief he seeks, although in the form of mandamus.

*Id.* (emphasis added).

With respect to the damages claim, the district court found that Franchi appeared to rely for jurisdiction on the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.* The district court held that despite its vague reference to a "duty owed" to Franchi, the complaint failed to state a cause of action sounding in tort over which the court would have FTCA jurisdiction. *Id.* In addition, Franchi never submitted to the PTO an administrative claim for a sum certain, which claim is a jurisdictional prerequisite under the FTCA,[4] the district court noted. *Id.*

---

**2.** 35 U.S.C. § 31 (1988) provides:

§ **31. Regulations for agents and attorneys**
The Commissioner, subject to the approval of the Secretary of Commerce, may prescribe regulations governing the recognition and conduct of agents, attorneys, or other persons representing applicants or other parties before the Patent and Trademark Office, and may require them, before being recognized as representatives of applicants or other persons, to show that they are of good moral character and reputation and are possessed of the necessary qualifications to render to applicants or other persons valuable service, advice, and assistance in the presentation or prosecution of their applications or other business before the Office.

**3.** 35 U.S.C. § 32 (1988) provides (emphasis ours):

§ **32. Suspension or exclusion from practice**
The Commissioner may, after notice and opportunity for a hearing, suspend or exclude, either generally or in any particular case, from further practice before the Patent and Trademark Office, any person, agent, or attorney shown to be incompetent or disreputable, or guilty of gross misconduct, or who does not comply with the regulations established under section 31 of this title, or who shall, by word, circular, letter, or advertising, with intent to defraud in any manner, deceive, mislead, or threaten any applicant or prospective applicant, or other person having immediate or prospective business before the Office. The reasons for any such suspension or exclusion shall be duly recorded. *The United States District Court for the District of Columbia, under such conditions and upon such proceedings as it by its rules determines, may review the action of the Commissioner upon the petition of the person so refused recognition or so suspended or excluded.*

**4.** 28 U.S.C. § 2675 (1988) of the FTCA provides in part (emphasis ours):

§ **2675. Disposition by federal agency as prerequisite; evidence**

Franchi appealed the Connecticut court's dismissal of his complaint to the United States Court of Appeals for the Second Circuit. Concluding that it lacked appellate jurisdiction over a claim of the type asserted by Franchi, the Second Circuit transferred the appeal to this court pursuant to 28 U.S.C. § 1631 (transfer to cure want of jurisdiction, if in the interest of justice). *Franchi v. Manbeck*, 947 F.2d 631, 20 USPQ2d 1635 (2d Cir.1991) (*Franchi II*). The Second Circuit agreed with the Connecticut court that "regardless of how it is formally characterized, Franchi's claim for review of the Commissioner's refusal to admit Franchi to practice before the USP-TO constitutes a request for judicial review under 35 U.S.C. § 32." *Id.* at 633, 20 USPQ2d at 1637. With respect to its own jurisdiction, the Second Circuit held that Franchi's action implicates the "arising under" jurisdiction of 28 U.S.C. § 1338 ("[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents ..."), which in turn triggers Federal Circuit appellate jurisdiction under 28 U.S.C. § 1295(a)(1). *Id.* at 633–34, 20 USPQ2d at 1637–38. The Second Circuit elaborated:

> An action is said to arise under the federal patent laws where the complaint includes allegations either that federal patent law creates the cause of action or that federal patent law is a necessary element of the claim or that some right or interest will be defeated or sustained by a particular construction of federal patent law. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 800–09, 108 S.Ct. 2166, 2166–2174, 100 L.Ed.2d 811 (1988); *Animal Legal Defense Fund v. Quigg*, 932 F.2d 920 (Fed. Cir.1991). We are satisfied that resolution of Franchi's substantive claim here implicates the patent laws within the meaning of these holdings. It is obvious that the correctness of Franchi's answer to the exam question in dispute here

depends upon an interpretation of federal patent law. In addition, by its very nature the claim calls into question the Commissioner's actions pursuant to 35 U.S.C. §§ 31 & 32, and thus expresses a sufficient interest in, or has as a necessary element, the federal patent laws.... It is also pivotal that Franchi's asserted jurisdictional right to seek review in the Connecticut District Court (as opposed to the D.C. District Court) depends on interpreting the jurisdictional provision of 35 U.S.C. § 32 (jurisdiction to review Commissioner's decisions conferred on D.C. District Court) in light of 28 U.S.C. § 1338 (jurisdiction in patent matters conferred on all district courts). We are therefore leaving for determination by the Federal Circuit a question different from that dealt with in *Smith v. Orr*, 855 F.2d 1544 (Fed.Cir.1988), which was whether regional circuit courts have concurrent appellate jurisdiction with the Federal Circuit to determine whether a district court's jurisdiction was based on subject matter falling under 28 U.S.C. § 1295.

In sum, it appears to us that both the substantive and jurisdictional questions raised by Franchi's claim and appeal arise under the federal patent laws. We note in this connection that we are not deciding whether Franchi's claim should have been brought originally in the D.C. District Court, or whether the Connecticut District Court properly could have transferred Franchi's claim to the D.C. District Court under 28 U.S.C. § 1631. Rather, we decide only that no matter how the various issues here or permutations thereof are formulated, they all arise under the patent laws and thus fall under 28 U.S.C. § 1338. Accordingly, they are properly resolved only by the Federal Circuit pursuant to 28 U.S.C. § 1295....

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail....

*Id.* at 633–34, 20 USPQ2d at 1637–38 (citations omitted).

## ANALYSIS

### A. Our Jurisdiction

As the transferee of Franchi's appeal, we agree with the Second Circuit's determination that appellate jurisdiction properly lies here. *See Christianson,* 486 U.S. at 819, 108 S.Ct. at 2179, 7 USPQ2d at 1117 ("[u]nder law-of-the-case principles, if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end.") *See also Wyden v. Commissioner of Patents and Trademarks,* 807 F.2d 934, 935–37, 231 USPQ 918, 919–20 (Fed.Cir. 1986) (in banc) (Federal Circuit had jurisdiction over appeal from decision of United States District Court for the District of Columbia affirming PTO's refusal of registration to practice due to appellant's failure of patent agents' examination, because "§ 32 is an Act of Congress which relates to patents within the meaning of § 1338(a) and [ ] Wyden's action is a civil action arising under § 32....") In so holding, the *Wyden* court noted its "full agreement," *id.* at 937, 231 USPQ at 920, with the following statement of the D.C. Circuit in *Jaskiewicz v. Mossinghoff,* 802 F.2d 532, 536–37, 231 USPQ 477, 481 (D.C.Cir.1986):

> An action for review of a decision of the Commissioner of the Patent and Trademark Office disciplining an attorney pursuant to 35 U.S.C. § 32 arises under an Act of Congress relating to patents. Therefore, jurisdiction in the District Court is based at least in part on 28 U.S.C. § 1338, and appellate review of that court's decision is granted exclusively to the Federal Circuit by 28 U.S.C. § 1295(a).

We also reemphasize our precedent that a district court's determination whether the claims before it arise under the patent laws is not determinative of this court's appellate jurisdiction. *See C.R. Bard, Inc. v. Schwartz,* 716 F.2d 874, 877–78, 219 USPQ 197, 200–01 (Fed.Cir.1983) (five-judge panel) (Federal Circuit had jurisdiction to review federal district court's dismissal of patent licensee's declaratory judgment action for lack of subject matter jurisdiction under § 1338).

### B. Franchi's Appeal

Franchi takes the position that the Connecticut court has jurisdiction over his case. The premise of Franchi's argument is that, in view of the Second Circuit's statements in the above-quoted transfer order that the issues in the case "all arise under the patent laws and thus fall under 28 U.S.C. § 1338," original jurisdiction over his complaint is thus conferred upon *any* federal district court of appropriate venue; e.g., the Connecticut court. Indeed, Franchi contends, once the Second Circuit concluded that this action fell under § 1338(a), it should have remanded the case to the Connecticut court.[5]

Franchi's expansive reading of the Second Circuit's decision is not well taken. The Second Circuit expressly limited its holding to the question of *appellate* jurisdiction, and specifically left for this court the question "whether Franchi's claim should have been brought originally in the D.C. District Court." *Franchi II,* 947 F.2d at 634, 20 USPQ2d at 1637.

■ We answer that question affirmatively, for we agree with the Connecticut court that Franchi's action, though creatively styled as an action for mandamus relief and damages, is bottomed upon his disagreement with the Commissioner's decision to deny him registration. All relief Franchi seeks depends upon a determination that the Commissioner's decision was erroneous, which in turn requires an analysis of the proper legal standard to be used in grading the examination, and application thereof to Franchi's examination answer.

Such review is available under § 32 of Title 35, notwithstanding Franchi's arguments to the contrary. By amending in 1922 a predecessor statute to § 32, which

---

5. Franchi therefore moves this court to remand the case to the Connecticut court, as he contends the Second Circuit should have done in lieu of transferring the appeal here. For the reasons given *infra,* we *deny* Franchi's motion for remand.

statute provided for review of Commissioner's decisions thereunder by the Secretary of the Interior, Congress for the first time added judicial review to what had been exclusively an executive branch function.[6] Congress specified that such review was to occur in the District of Columbia court. Accordingly, we agree with the Connecticut court that the District of Columbia court is the *exclusive* forum for review of action taken by the Commissioner under 35 U.S.C. § 32. That § 32 does not state that judicial review thereunder is *exclusively* in the District of Columbia court is of no moment. *See Animal Legal Defense Fund v. Quigg*, 932 F.2d 920, 18 USPQ2d 1677, 1692 (Fed. Cir.1991) (five-judge panel) ("[t]he structure of the Patent Act indicates that Congress intended only the remedies provided therein to ensure that the statutory objectives would be realized"); *Telecommunications Research & Action Ctr. v. Federal Communications Comm'n*, 750 F.2d 70, 77 (D.C.Cir.1984) ("[i]t is well settled that even where Congress has not expressly stated that statutory jurisdiction is 'exclusive,' as it has here with regard to final FCC actions, [ ] a statute which vests jurisdiction in a particular court cuts off jurisdiction in other courts in all cases covered by that statute.")

When Congress provides "an orderly administrative mechanism" for review of agency action, that mechanism is to be respected. *Califano v. Sanders*, 430 U.S. 99, 102, 97 S.Ct. 980, 982, 51 L.Ed.2d 192 (1977). In *Califano*, the Supreme Court rejected a Social Security claimant's attempt under the Administrative Procedure Act to obtain federal district court review of a decision of the Secretary of Health, Education, and Welfare not to reopen his claim, which had initially been adjudicated approximately seven years before. The Social Security Act and accompanying regulations "create an orderly administrative mechanism," the Court found, *id.* at 102, 97 S.Ct. at 982, which mechanism includes federal district court review of the final decision of the Secretary when such review is sought within sixty days of the decision. *Id.* at 101 n. 2, 97 S.Ct. at 981 n. 2. An interpretation of the Social Security Act granting the claimant's petition to reopen "would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60–day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." *Id.* at 108, 97 S.Ct. at 985.

Franchi's Connecticut action can similarly be viewed as an attempt to subvert the "orderly administrative mechanism" for review of the Commissioner's decision under 35 U.S.C. § 32. Though § 32, unlike the statute in *Califano*, does not contain a time limitation for seeking judicial review of the Commissioner's decision, the statute delegates such matters to the discretion of the District of Columbia court: the court may review the Commissioner's action "under such conditions and upon such proceedings as it by its rules determines...." 35 U.S.C. § 32. The local rules of the District of Columbia court set a 30–day time limit for petitioning the court to review the Commissioner's action. D.C.Ct.R.Ann. 213.[7]

---

**6.** *See* Act of February 18, 1922, ch. 58, § 3, 42 Stat. 390–91 (amending R.S. § 487 [then 35 U.S.C.A. § 11] to provide for review of Commissioner's action suspending, excluding, or refusing recognition "by the Supreme Court of the District of Columbia under such conditions and upon such proceedings as the said court may by its rules determine.") *See also Dorsey v. Kingsland*, 173 F.2d 405, 409, 80 USPQ 186, 189 (D.C.Cir.) ("[Congress] dispensed with the approval and review of the Secretary of the Interior (now replaced by the Secretary of Commerce) and instead imposed the right and duty upon the District Court [for the District of Columbia] at the instance of an aggrieved party to conduct a 'review' of the case"), *rev'd on other grounds*, 338 U.S. 318, 70 S.Ct. 123, 94 L.Ed. 123, 83 USPQ 330 (1949).

**7.** D.C.Ct.R.Ann. 213 (Michie 1991) provides:

A person refused recognition to practice or suspended or excluded from practice before the Patent Office may file a petition in this court against the Commissioner of Patents for review of such action within 30 days after the date of the order recording the Commissioner's action. The Commissioner shall answer the petition within 20 days after receiving service of the summons. Within 11 days after filing of the answer, the petitioner shall file a certified copy of the record and proceedings before the Patent Office, which shall constitute the sole basis for the court's review.

Franchi did not, of course, file a petition with the District of Columbia court within 30 days of the Commissioner's decision; his Connecticut action was filed 65 days after recordation thereof. This court will not aid an apparent attempt to avoid the deadlines imposed by the District of Columbia court, to whose discretion Congress delegated the authority to impose such deadlines.

Franchi's next point is that the District of Columbia court "has not consented to take jurisdiction over an action as presented in his operative complaint." He contends that the relief sought therein is beyond the scope of that provided by the District of Columbia local rules, which direct that "the record and proceedings before the Patent Office ... shall constitute the sole basis for the court's review." D.C.Ct.R.Ann. 213. Review under this scheme would be "inappropriate and futile," Franchi argues, because it would "force Franchi to have his examination answer compared to the erroneous Model Answer." Franchi seeks, instead, "a much different review so that both he and the Commissioner may present their points of view on the subject at hand and allow the court to decide which is correct, which can result in the modification or elimination of the USPTO Model Answer."

Franchi's concerns are misplaced. Reported cases of the District of Columbia court make plain that its review of Commissioner's decisions refusing registration for failure of the agents' examination includes review of the PTO model answer in light of existing case law. *See Moran v. Tegtmeyer*, 363 F.Supp. 377, 378–79, 179 USPQ 526, 526–27 (D.D.C.1973) (analyzing PTO sample answer in light of conflicting views of CCPA and U.S. Supreme Court); *Cupples v. Marzall*, 101 F.Supp. 579, 582, 92 USPQ 169, 171 (D.D.C.1952) (reviewing the record "not only as to law of the case, but also as to whether there was any substantial basis for the Commissioner's grading of the examination,") *aff'd sub nom. Cupples v. Watson*, 204 F.2d 58, 97 USPQ 1 (D.C.Cir.1953). Franchi's argument that *Moran* and *Cupples* are pre-local rule 213 cases and as such involve a broader scope of review than presently available is una-

vailing; the predecessor District of Columbia local rules all contain identical language limiting the court's review to "the record and proceedings before the Patent Office." *See* D.C. Ct. R. 1–26, effective Aug. 1, 1973 (*District of Columbia Code Encyclopedia*, West Supp.1978); D.C. Ct. R. 95, revised Feb. 15, 1951 (D.C. Rules Service Co. 1956).

█ Apart from the scope of review issue, Franchi contends that his "mandamus action clearly allows jurisdiction in the District Court for the District of Connecticut." A district court's decision not to exercise jurisdiction under the mandamus statute for federal officers, 28 U.S.C. § 1361, is a discretionary one. Accordingly, we review such a decision for abuse of discretion. *Bobula v. United States Dep't of Justice*, 970 F.2d 854, 861–862 (Fed.Cir. 1992). Section 1361 "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 2022, 80 L.Ed.2d 622 (1984). In this case, the district court correctly recognized that "because judicial review is available, albeit in another court, this court lacks jurisdiction to provide plaintiff with the relief he seeks, although in the form of mandamus," citing *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 27–28, 63 S.Ct. 938, 942, 87 L.Ed. 1185 (1943) ("[o]rdinarily mandamus may not be resorted to as a mode of review where a statutory method of appeal has been prescribed or to review an appealable decision of record.") *See also Cupples*, 101 F.Supp. at 580, 92 USPQ at 170 ("[i]n view of the statutory provision for judicial review of the Commissioner's denial of admission to practice [then 35 U.S.C.A. § 11], the court holds that mandamus will not lie.") Franchi has not shown (nor even argued) that the district court abused its discretion in dismissing those portions of his complaint seeking relief in the nature of mandamus, and we see no such abuse. Accordingly, the District of Connecticut court's dismissal of Franchi's complaint is sustainable on this additional ground.

Lastly, the district court was also correct in dismissing Franchi's complaint insofar as it sought relief in the form of money damages against the Commissioner acting in his official capacity. As the court found, the record reflects no basis for jurisdiction under the FTCA. Moreover, though Franchi's brief alludes to "a breach of contract by Manbeck," his complaint includes no assertion of jurisdiction under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), let alone allege the existence of any contract. Franchi's contention that because his complaint "is based on the Laws of the United States, therefore, sovereign immunity does not apply" is without merit.

### CONCLUSION

The judgment of the Connecticut court dismissing Franchi's complaint for lack of subject matter jurisdiction is

AFFIRMED.