47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis L. WRENN, Petitioner-Appellant,
v.
Tony E. GALLEGOS, Chairman, EEOC, Respondent-Appellee.
 No. 94-4029.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1995.
 
 1
 Before: MERRITT, Chief Judge; BATCHELDER, Circuit Judge, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 Curtis L. Wrenn appeals the district court's judgment denying his petition for a writ of mandamus brought under 28 U.S.C. Sec. 1361. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Wrenn is a frequent litigator in this and other circuits with an extensive record of suing both prospective employers who have not hired him, allegedly for discriminatory reasons, and the Equal Employment Opportunity Commission (EEOC) for its alleged failure to enforce equal employment laws in connection with its dismissal of discrimination charges brought by Wrenn. Wrenn asked the court to issue a writ directing the respondent to investigate and/or process his claim of unlawful discrimination in the case of Wrenn v. Ohio State Univ. Hosp., Charge No. 220910126. Exhibits attached to Wrenn's petition included a letter, dated January 31, 1991, from the deputy district director of the EEOC in Cleveland, which informed Wrenn that the charge in question was dismissed because of Wrenn's failure to cooperate with the EEOC's efforts to obtain the information necessary to conduct an investigation.
 
 
 4
 The district court dismissed Wrenn's petition as frivolous in a memorandum and order entered on June 22, 1994, after finding that the claim Wrenn sought to raise had already been fully litigated in the case of Wrenn v. Kemp, No. 1:92-CV-0122 (N.D. Ohio May 6, 1992), aff'd, No. 92-3513 (6th Cir. Nov. 24, 1992). A separate judgment was entered the same day. Wrenn's timely motion for reconsideration was denied in a marginal order dated August 31 and entered on September 12, 1994.
 
 
 5
 On appeal, Wrenn argues that the district court erred in denying his petition to compel the EEOC to investigate by attempting to distinguish between this petition and the prior case. Wrenn's brief on appeal is also designated as a "petition for writ of mandamus."
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in denying Wrenn's petition for a writ of mandamus. See Schlagenhauf v. Holder, 379 U.S. 104, 111-12 n.8 (1964); Franchi v. Manbeck, 972 F.2d 1283, 1289 (Fed. Cir. 1992). It is clear that Wrenn was not entitled to the extraordinary remedy he sought in this case because he has not shown a clear and indisputable right to the issuance of the writ. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980) (per curiam); In re Bendectin Products Liability Litigation, 749 F.2d 300, 303 (6th Cir. 1984).
 
 
 7
 Accordingly, the district court's judgment, entered on June 22, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation