Rebecca E. Wendling, Esquire, Snohomish County Prosecuting Attorney's Office, Civil Division, Everett, WA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

MEMORANDUM **

John Little, a former Washington state inmate, appeals pro se from the district

** This disposition is not appropriate for publication and is not precedent except as provid-

court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment because Little failed to raise a genuine issue of material fact as to whether Behner acted with deliberate indifference in denying Little's requests for medication. *See id.* at 1057 (explaining that the subjective component of deliberate indifference focuses only on the prison official's mental state, and that a prison official acts with deliberate indifference only if he or she knows of and disregards a substantial risk of serious harm to the inmate).

**AFFIRMED.**

Hendrick W. HAYNES, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 07–35183.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted Dec. 17, 2008.*

Filed Jan. 14, 2009.

Hendrick W. Haynes, Renton, pro se.

Helen J. Brunner, Esq., Rebecca Shapiro Cohen, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

MEMORANDUM **

Hendrick W. Haynes appeals pro se from the district court's judgment dismissing for failure to state a claim his action against the United States, raising patent, antitrust, and civil rights claims. We lack jurisdiction to hear the appeal. *See Animal Legal Defense Fund v. Quigg,* 900 F.2d 195, 196–97 (9th Cir.1990) (holding that this Court lacks jurisdiction over an appeal when the case involves patent issues, which are within the exclusive jurisdiction of the United States Court of Appeals for the Federal Circuit). We therefore dismiss.

Haynes's "motion to divide complaint" is denied. *See* 28 U.S.C. § 1295(a)(1) ("The United States Court of Appeals for the Federal Circuit shall have *exclusive jurisdiction* ... of an appeal from a final decision of a district court of the United States ... if the jurisdiction of that court was

based, in whole or *in part,* on section 1338[.]") (emphasis added).

**DISMISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

